IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SANDRA H. MEADOWS, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>JO ANNE B. BARNHART, )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>    Defendant. ) | Civil Action No. 3:06-cv-434-TFM<br>[wo] |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C.§§ 401, *et seq.*, Sandra H. Meadows ("Meadows" or "Plaintiff") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 636(c), and for reasons herein explained, the court **AFFIRMS** the Commissioner's decision.

**I. NATURE OF THE CASE**

Plaintiff requests judicial review of the Commissioner of Social Security Administration's decision denying her application for disability insurance benefits. United

States district courts may conduct limited review of such decisions to determine whether they comply with applicable law and are supported by substantial evidence. 42 U.S.C. §405 (2006). The court may affirm, reverse and remand with instructions, or reverse and render a judgment. *Id.*

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court reviews a social security case to determine whether the Commissioner's decision is supported by substantial evidence and based upon proper legal standards. *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner," but rather it "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *see also Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (stating the court should not re-weigh the evidence). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999), (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Lewis*, 125 F.3d

at 1440 (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) and *MacGregor v. Bowen*, 785 F.2d 1050, 1053 (11th Cir. 1986)); *Foote*, 67 F.3d at 1560 (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560 (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994) (internal citations omitted).

### III. PROCEEDINGS

Plaintiff claims disability due to *degenerative disk disease of the lumbar spine, sciatica, compacted cervical disks, scar tissue in both shoulders, left elbow pain,* and *a brain concussion*. (Tr. 67). Following initial administrative denial of her claim, plaintiff requested

a hearing before an administrative law judge ("ALJ") (Tr. 34-41). ALJ Frances Kuperman convened an evidentiary hearing. Plaintiff was represented by an attorney, Randall McKee, Esq.

ALJ Kuperman received direct testimony from Plaintiff and a vocational expert, Bonnie Cannon. The remaining evidentiary record consisted of medical reports from treating sources and "residual functional capacity assessments" completed by medical consultants who reviewed plaintiff's medical records upon request of Alabama Disability Determination Services.[1]

## IV. ADMINISTRATIVE DECISION

### A. Sequential Evaluation Process

The Commissioner utilizes a five-step, burden-shifting analysis to determine when claimants are disabled. 20 C.F.R. §§ 404.1520, 416.920 (2005); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). When a claimant is found disabled – or not – at an early step, remaining steps are not considered. *Id*. This procedure is a fair and just way for determining disability applications in conformity with the Social Security Act. *See Bowen v. Yuckert*, 482 U.S. 137, 153, 107 S. Ct. 2287, 2297, 96 L. ed.2d 119 (1987) (citing *Heckler v. Campbell*, 461 U.S. 458, 461, 103 S. Ct. 1952, 1954, 76 L.Ed.2d66 (1983)) (The use of

---

[1] Dr. R.D. Carter, M.D.. (Tr. 192-200) and Dr. Michelle M. King, Ph.D., a licensed pyschologist (Tr. 201-218). "A medical consultant is a person who is a member of a team that makes disability determinations in a State agency, as explained in § 404.1615, or who is a member of a team that makes disability determinations for us when we make disability determinations ourselves." 20 C.F.R. § 404.1616(a)(2005).

the sequential evaluation process "contribute[s] to the uniformity and efficiency of disability determinations").

The burden of proof rests on a claimant through Step 4. *See Phillips*, 357 F.3d at 1237-39.  As such, the claimant bears the burden of proof for the following:

(1) Whether she is currently performing a substantial gainful activity;

(2) Whether she has a severe impairment;

(3) Whether that severe impairment meets or exceeds an impairment in the listings; and

(4) Whether she can perform her past relevant work.

*Phillips*, 357 F.3d at 1237-1239.  When a claimant carries the Step 1 through Step 4 burden, the proof establishes a *prima facie* case of qualifying disability.  It is only at the fifth step that the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform.  *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functioning Capacity ("RFC").  *Id*. at 1238-39.  RFC is what the claimant is still able to do despite her impairments, and is based on all relevant medical and other evidence.  *Id*. Morever, it can contain both exertional and nonexertional limitations.  *Id*. at 1242-43.  At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform.  *Id*.

at 1239.  In order to this, the ALJ can either use the Medical Vocational Guidelines[2] ("grids") or call a vocational expert.  *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each of these factors can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240.  Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled."  *Id*.  Otherwise, the ALJ may use a vocational expert.  *Id.*  A vocational expert is an expert on the kinds of jobs an individual can perform based on her capacity and impairments.  *Id*.  In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments.  *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citing *McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987)).

**B.    Findings and Conclusions**

Employing the five step process, ALJ Kuperman found that plaintiff has not engaged in substantial gainful activity since the alleged onset date (Step 1); has severe impairments (Step 2); the impairments considered individually and in combination, do not meet or equal in severity any impairment set forth in the listings (Step 3); and that plaintiff can perform her past relevant work (Step 4).  (Tr. 31).  As such, Plaintiff <u>did not</u> establish her *prima facie* case, and the fifth-step analysis is not necessary.

---

[2]    *See* 20 C.F.R. pt. 404 subpt. P, app. 2

At Step Four, ALJ Kuperman evaluated Plaintiff's RFC and received testimony from a vocational expert regarding Plaintiff's ability to perform past relevant work. Upon consideration of the record, including the vocational expert's testimony, ALJ Kuperman determined Plaintiff retains the RFC to perform her past relevant work. (Tr. 30). Thus, the inquiry ends without further evaluation. As such, the ALJ found Plaintiff has not been disabled since the alleged onset date. (Tr. 30-31).

## V. ISSUES

Plaintiff proffers two points of error which attack ALJ Kuperman's predicate residual functional capacity finding and the Step 4 finding that plaintiff can perform past relevant work. Pl. Br. at p. 1-2. Plaintiff's two issues are:

(1) Whether the Administrative Law Judge committed error by finding that the Plaintiff's testimony about her disabling pain and functional restrictions is disproportionate to the objective medical evidence.

(2) Whether the Administrative Law Judge properly applied the three-part pain standard as set forth in *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)

As noted in the Commissioner's brief, although Plaintiff has listed two issues in her brief, the two arguments are inextricably intertwined and thus shall be addressed as one issue since both pertain to the ALJ's Step Four analysis. Def. Br. at p. 10 n. 3.

The Commissioner argues the ALJ properly analyzed the credibility of Plaintiff's subjective complaints. Further, the Commissioner asserts ALJ Kuperman clearly demonstrated that "she considered all the evidence and thoroughly discussed all of the *Holt* factors that (1) Plaintiff's underlying medical conditions included a fractured pelvis, multiple

right-side rib fractures, cervical radiculopathy, and adjustment disorder with mildly depressed mood and anxiety (Tr. 27); (2) after discussing at length the objective medical evidence, that the record does not contain objective signs and findings that could reasonably be expected to produce the degree and intensity of pain and limitations alleged (Tr. 28); and (3) that there are no diagnostic studies to show abnormalities that could be expected to produce such severe symptoms (Tr. 28)." Def Br. at 14.  Further, the Commissioner asserts the issue is not whether Plaintiff suffered from pain, but whether the degree of pain that she suffered is disabling.  Def. Br. at 15.

### VI. DISCUSSION AND ANALYSIS

**A.    New evidence submitted to Appeals Council**

Plaintiff admits "[t]he ALJ did not have the benefit of additional evidence submitted to the Appeals Council from Plaintiff's treating physicians, Dr. Howorth, Jr., M.D. and Dr. Corbin who both opine that the Plaintiff's is totally disabled [due] to her medical impairments."  Pl. Br. at 9.  When evidence has been presented to the Appeals Council that was not presented to the ALJ (i.e. new evidence), the Eleventh Circuit does consider the new evidence to be part of the record on appeal.  *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998) (citing *Keeton*, 21 F.3d at 1066-67).  However, when the Appeals Council has denied review, the Court "will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge*, 150 F.3d at 1323.

In different kinds of cases, the court may consider evidence submitted only to the Appeals Council. *Id*. (stating "[t]o suceeed on a claim that remand is appropriate, [Plaintiff] would have had to show that (1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level.") (citations omitted). Plaintiff gave no reason why the new information was not made available during the proceedings before ALJ Kuperman. In fact, as noted by the Commissioner, the opinions were dated more than eight months after the date of the ALJ's decision. Def. Br. at p. 10 n. 3. Further, Plaintiff does not raise the Appeals Council's decision to deny review. Rather, Plaintiff appeals only ALJ Kuperman's decision to deny benefits. Therefore, this Court has no need to consider the new evidence in light of the Appeals Council's denial of review. *Falge*, 150 F.3d at 1324. In other words, the only issue before this court is whether the ALJ's decision is supported by substantial evidence and was a correct application of law. *Id*. Consequently, this Court will only look only to the only evidence that was before the ALJ. *Id*.

**B.    The ALJ's determination was based on substantial evidence and a correct application of the law**.

To establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing:

(1)    Evidence of an underlying medical condition; and either

(2)    Objective medical evidence confirming the severity of the alleged pain; or

> (3) That the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). If the ALJ discredits subjective testimony, she must articulate explicit and adequate reasons for doing so. *Wilson*, 284 F.3d at 1225 (citing *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)).

In the case at hand, although ALJ Kuperman does not specifically cite or refer to the language of the three-part test in *Holt*, her findings and discussion indicate that the standard was properly applied. *See Wilson*, 284 F.3d at 1225-26 (the ALJ did not cite or refer to the language of the three-part test in *Holt*, but the findings and discussion indicated that the standard was applied). Further, ALJ Kuperman cites to 20 C.F.R. § 404.1529 which "contains the same language regarding subjective pain testimony" that the Eleventh Circuit interpreted when initially establishing the three-part pain standard. *Id.* at 1226 (citations omitted); *see also* Tr. 27 (for ALJ Kuperman's reference to statute). Based on the above, ALJ Kuperman clearly applied the proper pain standard.

Furthermore, ALJ Kuperman specifically articulated the following findings: "I find that the claimant's testimony of disabling pain and functional restrictions is disproportionate to the objective medical evidence. The record does not contain any objective signs and findings that could reasonably be expected to produce the degree and intensity of pain and limitations alleged. There are no diagnostic studies to show abnormalities that could be expected to produce such symptoms." Additionally, ALJ Kuperman provides a detailed list

of Plaintiff's daily activities as well as other miscellaneous activities and hobbies. (Tr. 28-29 and Tr. 203-204). Plaintiff also worked full-time with her impairments during 2000, 2001, and 2002, and part-time as a receptionist at a family business. (Tr. 28-29 and Tr. 203). In sum, ALJ Kuperman considered Plaintiff's activities of daily living, the frequency of her symptoms, medical records, vocational expert testimony, and Plaintiff's own testimony and concluded that Plaintiff's subjective complaints were inconsistent with her testimony and medical record.

Based on the above, this court finds that ALJ made a reasonable decision to reject Plaintiff's subjective testimony, articulating, in detail, the contrary evidence as her reasons for doing so. Applying the pain standard, ALJ Kuperman properly considered Plaintiff's assessment of her pain level, and determined that it was not credible to the degree alleged because the objective evidence did not confirm the severity of Plaintiff's alleged limitations. Consequently, the third prong of the *Holt* pain standard was not met. *Wilson*, 284 F.3d at 1226; *see also* . Accordingly, the determination was based on substantial evidence and a correct application of the law.

### VII. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion and Order*, the Court concludes that the ALJ's non-disability determination and denial of benefits is supported by substantial evidence and proper application of the law. It is, therefore,

**ORDERED** that the decision of the Commissioner is **AFFIRMED**. A separate judgment is entered herewith.

DONE this 25th day of January, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE